UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED ASSOCIATION OF JOURNEYMEN AND
APPRENTICES OF THE PLUMBING AND PIPE
FITTING INDUSTRY OF THE UNITED STATES AND
CANADA, AFL-CIO,
3 Park Place
Annapolis, MD 21401

                                  Petitioner,

v.                                                            Case No. _____

GEMMA POWER SYSTEMS, LLC,
769 Hebron Avenue
Glastonbury, CT 06033

    Serve:  Corporate Creations Network
               155 E. Boardwalk, #490
               Fort Collins, CO 80525

                                Respondent.

## PETITION TO CONFIRM ARBITRATION AWARD

1. The United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO ("United Association" or "UA") brings this action to confirm an arbitration award issued by an arbitrator pursuant to the Plan for the Settlement of Jurisdictional Disputes in the Construction Industry ("the Plan"). All of the parties in this case – the United Association and Gemma Power Systems, LLC ("Gemma") – are contractually obligated to submit jurisdictional disputes arising on the Guernsey Power Project in Byesville, Ohio to the Plan for final and binding resolution.

2. A jurisdictional dispute arose between the United Association and two other unions – the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, AFL-CIO ("Boilermakers") and the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, AFL-CIO ("Iron Workers") – over Gemma's

1

assignment of certain work on the Guernsey Power Project. The UA submitted this dispute to the Plan for resolution. The Plan processed the dispute in accordance with its procedures, which culminated in an arbitration before Arbitrator Robert M. Hirsch. The Arbitrator issued an award in the United Association's favor. Gemma, however, has failed and refused to comply with Arbitrator Hirsch's award. Consequently, the United Association brings this action in this Court to enforce the award in accordance with the parties' contract, *i.e.*, the Plan.

## PARTIES

3.  Petitioner United Association is an unincorporated labor organization within the meaning of Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5), and, at all times material herein, has been engaged in an industry affecting commerce as defined in Sections 2(6) and 2(7) of the NLRA, 29 U.S.C. §§ 152(6) & (7), and Section 301(a) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). The United Association represents employees in the building and construction industry who perform plumbing and pipefitting work, including but not limited to the following work performed at power plants in the State of Ohio and across the United States: the installation of circulating piping outside the gas path on heat recovery steam generator (HRSG) units as well as the rigging, fit up and welding of piping.

4.  Respondent Gemma is a for-profit corporation duly organized and existing under the laws of the State of Colorado. Gemma maintains a principal office and place of business in Glastonbury, Connecticut. At all material times, Gemma is an employer engaged in the construction industry, which is an industry affecting commerce within the meaning of Section 2(2) of the NLRA, 29 U.S.C. § 152(2) and 29 U.S.C. § 185(a).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a), as well as 28 U.S.C. § 1331 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

6. Venue with respect to this action lies with this Court. The Plan, to which all parties are stipulated and bound, provides in Article VII, Section 2(a), that "[a]t the election of the party seeking enforcement, an Arbitrator's decision … may be enforced in the United States District Court for the District of Columbia…." The Plan further provides in the same Article and Section that, "[a]ll parties signatory or stipulated to his agreement consent to the jurisdiction of the United States District Court for the District of Columbia." Venue is also lies in this district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTS

*The Plan for the Settlement of Jurisdictional Disputes in the Construction Industry*

7. The Plan is a contract entered into by the Building and Construction Trades Department, AFL-CIO ("BCTD" or "Department"), now known as North America's Building Trades Unions ("NABTU"), and five multi-employer associations to provide an alternative resolution procedure for handling jurisdictional disputes without strikes or work stoppages.

8. A jurisdictional dispute involves conflicting claims made by two or more groups of employees to an employer with regard to an assignment of work.

9. Article I of the Plan (Scope of Application) provides that the procedures set forth therein shall be available to resolve jurisdictional disputes between and among employers and unions engaged in the building and construction industry. A copy of the Plan and its Procedural Rules is provided as **Exhibit 1** to this Petition.

10. Article II, Section 1(A) of the Plan provides that "[a] Union may become stipulated to the Plan by virtue of its affiliation with the Department or its … International Union's affiliation with the Department, a signed stipulation form setting forth that it is willing to be bound by the terms of the Plan or a provision of a collective bargaining agreement."

11. The United Association, the Boilermakers and the Iron Workers are stipulated to the Plan by virtue of their affiliations with the Department (now NABTU).

12. Article II, Section 1(b) provides that, "[a]n Employer may become stipulated to the Plan by virtue of its membership in a stipulated association of employers with authority to bind its members, a signed stipulation setting forth that it is willing to be bound by the terms of the Plan or a provision in a collective bargaining agreement."

13. Gemma is stipulated to the Plan by virtue of provisions in collective bargaining agreements, known as "Job Compliance Understandings," that it has with the Boilermakers and the Iron Workers covering work performed at the Guernsey Project. Gemma has entered into separate "Job Compliance Understandings" with the Boilermakers and the Iron Workers.

14. Each of these "Job Compliance Understandings" states as follows with respect to jurisdictional disputes, in relevant part:

> All jurisdictional disputes between or among the Union and other unions who have signed agreements with the Employer or any subcontractor governing the performance of work on the Project, and who have agreed to be bound to the procedures provided in the Plan for the Settlement of Jurisdictional Disputes in the Construction Industry (the "Plan"), shall be settled and adjusted according to the Procedural Rules and Regulations for the Plan.

15. The United Association has agreements with subcontractors governing the performance of work on the Guernsey Power Project.

16. Article IX, Section 1 of the Plan provides that "[e]ach Employer agrees that all cases, disputes or controversies involving jurisdictional disputes or assignments of work arising under this Agreement shall be resolved as provided herein, and shall comply with the decisions and rulings of the Administrator, …, [or] arbitrators …." Article IX, Section 2 of the Plan sets forth similar obligations for each union.

17. Article V, Section 1 of the Plan provides that when a dispute over the assignment of work arises, the union challenging the assignment (or the employer affected by the dispute) shall notify the Administrator of the Plan.

18. Article V, Section 3 of the Plan provides that, if the parties are unable to resolve the dispute, any affected party may request arbitration of that dispute.

19. Article V, Sections 4 and 6 of the Plan provide a procedure pursuant to which the Plan's Administrator is authorized to select an arbitrator from a list of impartial arbitrators, who are knowledgeable about the construction industry and who have been chosen by the Joint Administrative Committee, which oversees the Plan's operation. Article V, Section 6 also provides that the arbitrator is authorized to set and hold a hearing in Washington, D.C.

20. Article V, Section 8 of the Plan sets forth the standards that govern an arbitrator's decision. Generally, the standard is as follows. First, an arbitrator must determine whether there is a previous agreement of record or other agreement between the unions that would govern the dispute. Second, if there is no such agreement of record or other agreement, the arbitrator shall consider the established trade practice in the industry and the prevailing practice in the locality. If there are no agreements and no established practices, then the arbitrator can consider efficiency, cost and well-being of the industry, as well as the interests of the consumer or the past practices of the employer.

21. Article V, Section 10 of the Plan provides that a party may seek back pay or damages for the period of non-compliance with an Arbitrator's decision from any party that fails to comply with such decision within seven (7) business days of the issuance of the Arbitrator's decision.

22. Article VII, Section 2 of the Plan provides that "[a]ny decision or interpretation rendered by an arbitrator shall be immediately accepted and complied with by all parties subject to this Agreement." The provision states further that, "[i]f a party fails to accept and comply with a decision or interpretation rendered by an arbitrator …, any party to the dispute may seek court enforcement of the decision or ruling."

23. Article VII, Section 2(a) of the Plan provides that "[a]t the election of the party seeking enforcement, an Arbitrator's decision … may be enforced in the United States District Court of Columbia, or any other court which has jurisdiction of the parties." This section further provides that "[a]ll parties signatory or stipulated to this agreement consent to the jurisdiction of the United States District Court for the District of Columbia."

24. Article VII, Section 2(c) of the Plan provides that the party seeking to enforce the Arbitrator's decision "shall be reimbursed by the party failing to abide by the decision or ruling for any attorneys' fees, court costs and expenses incurred….."

### The Arbitration Award Resolving the Jurisdictional Dispute at the Guernsey Power Project

25. A jurisdictional dispute arose between the United Association, on the one hand, and the Boilermakers and Iron Workers, on the other hand, over the following work to be performed at the Guernsey Power Project in Byesville, Ohio: the installation of circulating piping outside the gas path on a heat recovery steam generator unit, including the rigging, fit up and welding of piping.

26. The United Association challenged Gemma's assignment of the disputed work to the Boilermakers and the Iron Workers.

27. On or about December 9, 2020, the United Association notified the Plan's Administrator of the dispute over this work assignment, and the Plan processed the dispute in accordance with its procedures.

28. Arbitrator Robert Hirsch was selected by the Plan's Administrator to arbitrate the jurisdictional dispute over the assignment of work at the Guernsey Power Project.

29. Arbitrator Hirsch set and held the hearing on the dispute on February 23, 2021 after notice of that hearing was provided to the United Association, Gemma, the Boilermakers and the Iron Workers.

30. Arbitrator Hirsch issued his award on February 25, 2021. Based upon the evidence submitted at the hearing:

    a. The Arbitrator found that all of the parties to the arbitration – the United Association, Gemma, the Boilermakers and the Iron Workers – are stipulated and bound to the Plan;

    b. The Arbitrator found that the jurisdictional dispute submitted by the United Association was cognizable under the Plan; and

    c. The Arbitrator found that Gemma's assignment of the disputed work to employees represented by the Boilermakers and Iron Workers could not be sustained. Arbitrator Hirsch applied the standards set forth in Article V, Section 8. He determined that there was an applicable agreement of record between the United Association and the Boilermakers that gave the United Association the right to claim the disputed work vis-à-vis the Boilermakers. He also determined that there was uncontested evidence

demonstrating that the prevailing trade and local practice favored an award of the disputed work to the United Association.

31. Arbitrator Hirsch ordered "that the installation of circulating piping outside the gas path on the HRSG unit, including the rigging, fit up, and welding of piping at the Guernsey Power Project in Byesville[,] Ohio shall be assigned to the U.A." A copy of the Arbitrator's decision is attached as **Exhibit 2.**

32. Despite Arbitrator Hirsch's award, Gemma failed and refused to comply with the arbitration decision and, for a period of time after the issuance of the decision, continued to award the disputed work at the Guernsey Power Plant to employees represented by the Boilermakers and Iron Workers, who performed the work pursuant to that award.

33. On or about March 9, 2021, Gemma notified the Boilermakers and Iron Workers that the disputed work would be assigned to "merit shop employees." Gemma requested that the employees represented by the Boilermakers and Iron Workers who were performing the disputed work complete the fit up and welding work that they had been doing by no later than March 15, 2021.

34. After March 15, 2021, employees represented by the Boilermakers and the Iron Workers ceased performing the disputed work upon Gemma's instruction, and were eventually replaced by non-union workers, to whom Gemma has assigned the work in its continued defiance of Arbitrator Hirsch's decision.

35. As of the date of this petition, Gemma continues to fail and refuse to comply with the decision of Arbitrator Hirsch. It has not assigned the disputed work to employees represented by the United Association, as ordered by the Arbitrator.

36. The United Association brings this petition in this Court to enforce the decision of Arbitrator Hirsch awarding the disputed work to workers represented by the United Association. This petition is timely as it is brought within one year of the Arbitrator's issuance of the award.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Petitioner United Association respectfully requests that the Court grant the Petition and issue an order: (1) confirming the decision and award of Arbitrator Hirsch; (2) ordering Gemma to comply with that decision and award; (3) awarding back pay and fringe benefit contributions, along with pre-judgment and post-judgment interest, to the United Association for the period beginning with the issuance of Arbitrator Hirsch's decision; and (4) awarding attorneys' fees, court costs and expenses to the United Association.

Respectfully submitted,

Date:  April 5, 2021        By:    s/Nicholas R. Femia
                                   Nicholas R. Femia (Bar No. 412303)
                                   nfemia@odonoghuelaw.com

                            By:    s/Keith R. Bolek
                                   Keith R. Bolek (Bar No. 463129)
                                   kbolek@odonoghuelaw.com
                                   O'DONOGHUE & O'DONOGHUE LLP
                                   5301 Wisconsin Avenue, NW, Suite 800
                                   Washington, D.C. 20015
                                   Phone: (202) 362-0041
                                   Fax:   (202) 362-2640

                                   Counsel for the United Association